UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ABDUL WALI SHAHEED,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                    24-CV-915 (RER) (MMH)

      -against-

RODNEY KNIGHT JR.,

                Defendant.
-------------------------------------------------------------x

RAMÓN E. REYES, JR., United States District Judge:

      Pro se plaintiff Abdul Wali Shaheed ("Shaheed") brings this action asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 related to custody and visitation of Shaheed's minor son. (ECF No. 1 ("Compl.")). Shaheed's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is granted. (ECF No. 2).

## BACKGROUND

      Shaheed claims that his minor son ("N.W.S."), over whom Shaheed shares custody with the child's mother, has been assaulted several times by Defendant Rodney Knight Jr. ("Knight Jr."). (Compl.). Knight Jr. is N.W.S.'s older stepbrother who lives with N.W.S.'s mother. (*Id.*). Shaheed attempted to terminate the mother's custody in family court, which was denied by a referee. (*Id.* at 6). Thereafter, on November 6, 2024, Shaheed commenced this action, bringing claims under the First, Fourth, and Fourteenth Amendments against Knight Jr., and asserting that the family court violated his constitutional rights as a disabled, Black, Muslim American, as well as N.W.S.'s rights as a minor child. (*Id.* at 4). At the same time, Shaheed filed a proposed order to show cause

seeking a preliminary injunction and temporary restraining order to prevent Knight Jr. from being alone with N.W.S. while he is in his mother's custody. (ECF No. 3).

**THE ORDER TO SHOW CAUSE**

I. <u>Temporary Restraining Order and Preliminary Injunction Legal Standard</u>

Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v. Pergament*, No. 13-CV-1951, 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013). "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015); *Broecker v. New York City Dept. of Educ.*, No. 21-CV-6387, 2022 WL 426113, at *4 (E.D.N.Y. Feb. 11, 2022).

II. <u>Shaheed Fails to Demonstrate a Likelihood of Success on the Merits</u>

"[T]he United States Constitution regulates only the Government, not private parties." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Thus, only a state actor may violate constitutional rights under the First, Fourth, and Fourteenth Amendments. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not

to acts of private persons or entities"); *see also Tate v. City of New York*, 2017 WL 10186809, at *6 (E.D.N.Y. Sept. 29, 2017) (discussing the state actor requirement for Fourth Amendment violations).

Here, Shaheed alleges constitutional claims against Knight Jr., who is a private person, not a state actor. Accordingly, without establishing this foundational element of his Constitutional claims, Shaheed is unable to demonstrate a likelihood of success on the merits. Therefore, since Shaheed has not demonstrated a likelihood of success on the merits, the motion for a preliminary injunction and a temporary restraining order is denied.

## **SUBJECT-MATTER JURISDICTION**

I. Legal Standard

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (quotations omitted). One of the "most important" limits is subject-matter jurisdiction, "which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotations omitted). "[W]here jurisdiction is questionable," the court is obligated "to examine the question *sua sponte*." *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005) (citation omitted).

The domestic relations abstention doctrine requires that this Court abstain from exercising federal question jurisdiction over claims that affect family court proceedings. *American Airlines v. Block*, 905 F.2d 12 (2d Cir. 1990) (per curiam); *Deem v. Dimella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("*American Airlines* continues to be the law of

3

this Circuit"). Consequently, when a plaintiff brings an action that "calls for a federal court to interpret state domestic relations law," "it lacks subject-matter jurisdiction." *Evans v. Adams*, No. 22-CV-3882 (KAM) (JRC), 2024 WL 306240, at *3 (E.D.N.Y. Jan. 26, 2024) (the district court abstained from hearing the plaintiff's claims when, although the allegations were framed "in constitutional terms," the "requested relief as a practical matter" would require the court to overturn "decisions in the underlying state court action").

II. Discussion

Here, Shaheed's claims concern family court proceedings related to custody and visitation of his minor son. (*See* Compl.). Although Shaheed alleges Constitutional violations, the relief requested would infringe on the state court's "greater interest and expertise" in resolving family court matters. *American Airlines*, 905 F.2d at 14. Therefore, the Court lacks subject matter jurisdiction over the Complaint and is required to dismiss the action.

III. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Moreover, when a court dismisses an action for lack of subject-matter jurisdiction, "the dismissal is without prejudice." *Evans*, 2024 WL 306240, at *5. However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, in an abundance of caution and in light of Plaintiff's pro se status, the Court affords Plaintiff an opportunity to allege a plausible claim against a proper defendant in an amended complaint in accordance with this Order. To be clear, Plaintiff may, within thirty (30) days from the date of this Order, file a separate amended complaint in this case. Any amended complaint filed shall be clearly labeled "Amended Complaint" and shall include the relevant docket number. Plaintiff shall comply with his obligations pursuant to Federal Rule of Civil Procedure 8 which requires a short and plain statement of the claim against each named defendant showing that the pleader is entitled to relief. FED. R. CIV. P. Rule 8(a)(2) Further, Plaintiff's amended complaint shall give the defendant[s] fair notice of what the plaintiff's claims are and the grounds upon which they rest.

PLAINTIFF IS ON NOTICE: If Plaintiff does not timely file an amended complaint, judgment shall be entered and this case will be closed.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Order to Show Cause is denied and the Complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff is permitted to file an amended complaint within thirty days. The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on Plaintiff by mail and email, and note service on the docket. PLAINTIFF IS ON NOTICE: If Plaintiff does not timely file an amended complaint, judgment shall be entered and this case will be closed.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ RAMÓN E. REYES, JR.
RAMÓN E. REYES, JR.
United States District Judge

Dated: February 7, 2024
      Brooklyn, New York