UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ABDUL WALI SHAHEED,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                          24-CV-915 (RER) (MMH)
      -against-

VALERIE WALDEIER, Attorney Referee,
Family Court,

                Defendant.
-------------------------------------------------------------x

RAMÓN E. REYES, JR., United States District Judge:

      Pro se plaintiff Abdul Wali Shaheed ("Shaheed") filed this action on February 6, 2024, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 related to custody and visitation of Shaheed's minor son ("N.W.S."). (ECF No. 1 ("Compl.")). At the same time, Shaheed filed a proposed order to show cause seeking a preliminary injunction and temporary restraining order to prevent the then named defendant Rodney Knight Jr. ("Knight Jr."). from being alone with N.W.S. while he is in his mother's custody. (ECF No. 3). By Memorandum and Order dated February 7, 2024, the Court granted Shaheed's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2), denied the order to show cause, dismissed the complaint without prejudice for lack of subject-matter jurisdiction, and granted Shaheed leave to file an amended complaint within thirty days. (ECF No. 5).

      On February 28, 2024, Shaheed filed an Amended Complaint against Kings County Family Court Attorney Referee Valerie Waldeier ("Waldeier") (ECF No. 6 ("Amend. Compl."), along with an Affidavit/Affirmation in support of an order to show

cause seeking a preliminary injunction and temporary restraining order to "protect my 10 year old son from being further harmed by his 21 year old step brother." (ECF No. 7, at 2 ("Aff.")). Shaheed's Amended Complaint again claims that N.W.S., over whom Shaheed shares custody with the child's mother, has been assaulted several times by his older stepbrother Knight Jr., who lives with N.W.S.'s mother. (Amend. Compl.). Shaheed argues that Waldeier has violated his due process rights by causing undue delays in an adjudicating an Emergency Petition for an Order of Protection, most recently adjourning the hearing from January 29, 2024 to May 31, 2024. (Amend. Compl at 4, Aff. at 2). For the reasons discussed below, the Order to Show Cause is denied, and the Amended Complaint is dismissed.

## THE ORDER TO SHOW CAUSE

I. <u>Temporary Restraining Order and Preliminary Injunction Legal Standard</u>

Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v. Pergament*, No. 13-CV-1951 (WFK) (ETB), 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013). A party seeking a TRO or preliminary injunction "must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015); *Broecker v. New*

*York City Dept. of Educ.*, No. 21-CV-6387 (KAM) (LRM), 2022 WL 426113, at *4 (E.D.N.Y. Feb. 11, 2022).

II.     <u>Shaheed Fails to Demonstrate a Likelihood of Success on the Merits</u>

Shaheed's allegations of wrongdoing arise from actions Waldeier took as a court appointed referee in Shaheed's Kings County Family Court child custody action. It is well-settled that court appointed referees, such as Waldeier, are absolutely immune from suit for actions taken within their authorities as referees. *Wilson v. Wilson-Polson*, 446 F. App'x 330, 331 (2d Cir. 2011) (New York State Family Court referee absolutely immune from allegations that referee violated plaintiff's procedural due process rights); *Witcher v. Moriber*, No. 21-CV-6168 (PKC) (PK), 2022 WL 1085297, at *2 (E.D.N.Y. Apr. 11, 2022) (Family Court referee has absolute judicial immunity from suit); *Topolski v. Wrobleski*, No. 13-CV-0872 (LEK) (DEP), 2014 WL 2215761, at *3 (N.D.N.Y. May 29, 2014) ("Judicial immunity is so broad that judges and referees 'are not liable to civil actions for their judicial acts, even when such acts ... are alleged to have been done maliciously or corruptly.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quotations omitted)); *Renner v. Stanton*, No. 13-CV-1676 (DLI) (LB), 2013 WL 1898389, at *3 (E.D.N.Y. May 7, 2013) (Family Court referee absolutely immune). Here, Shaheed fails to assert any plausible claim which suggests that Waldeier was without jurisdiction or acted outside her judicial capacity for her official acts in presiding over the Family Court matters involving his minor son. Therefore, Waldeier is entitled to absolute immunity.

Accordingly, Shaheed is unable to demonstrate a likelihood of success on the merits. Therefore, since Shaheed has not demonstrated a likelihood of success on the

3

merits, the order to show cause seeking a temporary restraining order and preliminary injunction is denied.

## SUBJECT-MATTER JURISDICTION

I. <u>Legal Standard</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (quotations omitted). One of the "most important" limits is subject-matter jurisdiction, "which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotations omitted). "[W]here jurisdiction is questionable," the court is obligated "to examine the question *sua sponte*." *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005) (citation omitted).

The domestic relations abstention doctrine requires that this Court abstain from exercising federal question jurisdiction over claims that affect family court proceedings. *American Airlines v. Block*, 905 F.2d 12 (2d Cir. 1990) (per curiam); *Deem v. Dimella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("*American Airlines* continues to be the law of this Circuit"). Consequently, when a plaintiff brings an action that "calls for a federal court to interpret state domestic relations law," "it lacks subject-matter jurisdiction." *Evans v. Adams*, No. 22-CV-3882 (KAM) (JRC), 2024 WL 306240, at *3 (E.D.N.Y. Jan. 26, 2024) (the district court abstained from hearing the plaintiff's claims when, although the allegations were framed "in constitutional terms," the "requested relief as a practical matter" would require the court to overturn "decisions in the underlying state court action").

II.  Discussion

Here, Shaheed's claims against Waideier again concern family court proceedings related to custody and visitation of his minor son. (*See* Amend. Compl.). Although Shaheed alleges Constitutional violations, the relief requested would infringe on the state court's "greater interest and expertise" in resolving family court matters. *American Airlines*, 905 F.2d at 14. Therefore, the Court lacks subject matter jurisdiction over the Amended Complaint and is required to dismiss the action.

## CONCLUSION

For the reasons stated above, Shaheed's Order to Show Cause is denied, and the Amended Complaint is dismissed for lack of subject-matter jurisdiction.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Shaheed leave to further amend his Complaint but finds that further amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

The Clerk of Court is respectfully requested to enter judgment, close this case, and to serve a copy of this Memorandum and Order on Shaheed by mail and email, and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.   Hon. Ramón E. Reyes, Jr.   Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.03.05 12:08:42 -05'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 5, 2024
       Brooklyn, New York